IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY W. GRIFFITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04-CV-193-C |
| | ) | (WO) |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION[1] and ORDER**

This case commenced by a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Jerry W. Griffith ("Griffith"), a federal inmate, on March 3, 2004. In this petition, Griffith seeks to compel the Bureau of Prisons to release him to a Community Confinement Center ("CCC") for service of the last six months of his prison term.[2] Specifically, he requests that service of the last six months of his sentence be carried out at a community-based facility pursuant to the Bureau of Prisons' policy concerning CCC placement as such policy existed prior to December 16, 2002.

On May 27, 2005, the court entered an order directing Griffith to show cause why this application for habeas relief should not be dismissed as moot since he has been transferred to a community confinement center. Griffith, however, has filed nothing in response to the May 27,

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

[2] At the time the instant petition was filed, Griffith was incarcerated at the Maxwell Federal Prison Camp located in Montgomery, Alabama. The Bureau of Prisons website maintains an inmate locator search function. That website indicates that Griffith has been transferred to a community confinement center in Nashville, Tennessee. *See* http://www.bop.gov.

2005 order.

## DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack
> a legally cognizable interest in the outcome of the litigation, such as where there

is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

The petitioner's ultimate objective in filing this action was to be released to a community-based facility for service of the last six months of his prison term. It is clear that, since the filing of his complaint, Griffith has been transferred to a community confinement center in Nashville, Tennessee. *See* htttp://www.bop.gov. Because Griffith has been released to a community-based facility, there is no longer a case or controversy to litigate and this case is due to be dismissed as moot. *United States ex rel. Graham v. United States Parole Commission*, 732 F2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

## CONCLUSION

Accordingly, it be and is hereby

ORDERED that the instant 28 U.S.C. § 2241 petition for habeas relief be dismissed as moot since a more favorable decision on the merits would not entitle the petitioner to any additional relief.

Done this 16th day of June, 2005.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE